ATLANTIC CITY ELECTRIC COMPANY, PROSECUTOR, v. EGG HARBOR TOWNSHIP, A MUNICIPAL CORPORATION, AND THE DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE, RESPONDENTS.

Argued October 2, 1946—Decided December 30, 1946.

Before Justices BODINE and WACHENFELD.

For the prosecutor, *Lloyd, Horn & Perskie (John Lloyd, Jr.,* of counsel).

For the respondents, *William Charlton.*

The opinion of the court was delivered by

WACHENFELD, J. The question presented to this court by the writ of *certiorari* is the validity of a tax assessment on the prosecutor's property made by the respondent Egg Harbor Township on October 1st, 1943, for the taxable year 1944.

Prosecutor is an electric company owning, *inter alia,* a high tension line which runs across the southerly part of the state

from prosecutor's generating plant on the Delaware River at Deepwater, New Jersey, to prosecutor's plant at Atlantic City, New Jersey. The land in question is part of that upon which the high tension line stands and lies within an area in Egg Harbor Township locally described as "Pleasantville Terrace." It is a strip 200 feet wide and approximately two miles long containing fifty-five acres, and there is nothing on the land except the high tension line. A nearby swamp touches upon the strip in two places and the surface of the land is covered with scrub.

Pleasantville Terrace is an old real estate development started in 1903, at which time a map was filed, but since 1910 has been inactive. Most of the original streets have been overgrown and only a few houses exist in the whole development. The greater part of the area is ordinary woodland which has been burnt over and has upon it only scrub oaks and pine.

Prosecutor's land is crossed by roads at the east and west ends and approximately in the middle. The land was acquired and high tension lines erected thereon in 1930, and from 1935 through 1943 the respondent assessed the land as acreage at an assessed valuation of $2,500 for the whole area. which averaged $45.50 per acre, there being approximately fifty-five acres. For the year 1944 respondent township broke down the assessment into individual lots as shown on the old real estate development and increased the assessment from $2,500 to $16,600, an increase of 600 per cent., or $300 per acre. The reason given was that other lot owners in Pleasantville Terrace were assessed at $25 per lot; but such assessments, it was openly admitted, were only made against tax-paying lots while lots owned by defaulting taxpayers were assessed at a valuation of $1.

On the prosecutor's appeal the County Board reduced the total of assessments from $16,600 to $14,000 without specifying as to where or how the reduction should be applied. On prosecutor's further appeal the Division of Tax Appeals arbitrarily reduced the assessments by cutting each exactly in half, arriving at an aggregate of $8,300. On this basis prose-

cutor's 1944 assessment is still more than 300 per cent. above what it was for the nine prior years.

The standard to be applied in the determination of this case is set forth in article 4, section 7, paragraph 12, of the New Jersey Constitution, which provides that property shall be assessed for taxes according to its true value, and *R. S.* 54:4-23, which provides:

"The assessor shall * * * determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and *bona fide* sale by private contract on October first next preceding the date on which the assessor shall complete his assessments, as hereinafter required."

. Therefore, true value means fair market value as of the date of assessment. *Charles Warner Co.* v. *State Board,* 1 *N. J. Mis. R.* 26. The presumption is that the assessment as made by the proper authorities is correct, *Gannon* v. *State Board of Tax Appeals,* 123 *N. J. L.* 450, and the burden is upon the party attacking the assessment to overcome that presumption. *Colonial Life Insurance Company of America* v. *State Board,* 126 *Id.* 197.

On *certiorari* to review a tax assessment it is the Supreme Court's function and duty under *R. S.* 2:81-8, 54:4-58, 54:4-59 and 54:4-62 to evaluate the evidence and determine the facts and the *quantum* of the assessment in accordance with the standards laid down by the state constitution and the above-mentioned statute, *Jersey City* v. *Sun Holding Co.,* 134 *N. J. L.* 119, but the Supreme Court will not disturb determinations of questions of fact unless the evidence is persuasive that there was error. *Tennant* v. *Jersey City,* 122 *Id.* 174; *affirmed,* 123 *Id.* 200; *Prudential Insurance Company of America* v. *Division of Tax Appeals,* 133 *Id.* 153.

Turning to the facts in the instant case, the respondent township bases its action solely on the fact that other lot owners in the area have been assessed $25 per lot, although it also readily admits that fifty per cent. of the lots are tax delinquent, on which the assessment has been reduced to $1. The respondent township also relies on the fact that it ad-

dressed letters to all grantees in abstracts of deeds for lands in Pleasantville Terrace sold within the last five years, and from the two replies received it appears that two land owners paid $46 and $58 per lot. However, these properties faced one of the thoroughfares passing through the development.

The prosecutor, on the other hand, has submitted evidence showing other lands owned by it and similarly located have been assessed at $18, $15, $29 and $38 per acre. The prosecutor also shows nearby improved farm lands owned by other taxpayers are assessed at $25 and $20 per acre, which lands are more favorably located as far as highways are concerned than the prosecutor's. An expert witness appraised the prosecutor's land to the amount of $1,600 with allowances for higher valuations of land adjacent to the highways. His familiarity with the real estate values in the area is undisputed, he being a civil engineer and a real estate operator of thirty-five years' experience in the City of Pleasantville, which adjoins Egg Harbor Township. He has personally owned land in Pleasantville Terrace and has been familiar with the development since 1910. In his opinion the only part of the land in question having any real value is that adjacent to the three traveled roads, with the rest just simply brush land with no use except for what little poor timber might be growing on it. The few sales made by him in Pleasantville Terrace between 1941 and 1946 indicate there has been a restricted market for Pleasantville Terrace lots in recent years. Also, these sales were only of land adjacent to the main highways.

The prosecutor has persuasively shown that the increase in assessment as made by the tax assessor and partially reduced by the Division of Tax Appeals was arbitrary and without justification. As stated in *C. F. Mueller Co.* v. *State Board of Tax Appeals, 126 N. J. L.* 141, tax assessments must be based upon facts and not on hopes. The increased assessment as made for the year 1944 is improper and unjust and does not indicate true value and, therefore, should be set aside and the assessment reduced to $2,500, the amount prevailing prior to the increase. Costs to the prosecutor.